UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

EMERY L. FRANKLIN,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant

Case No. 1:11 cv 00173 GSA PC

ORDER DISMISSING COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT

AMENDED COMPLAINT DUE IN THIRTY DAYS

### I.    Screening Requirement

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to the Federal Tort Claims Act, (FTCA), 28 U.S.C. §§ 2671, et seq. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Claims

Plaintiff, an inmate in the custody of the U.S. Bureau of Prisons at the U.S. Penitentiary at Atwater, brings this action against the United States of America. Plaintiff claims that prison officials were deliberately indifferent to his serious medical need, resulting in injury to Plaintiff. Specifically, Plaintiff alleges that when he returned to USP Atwater from an outside hospital after undergoing hemorrhoid surgery, officials at Atwater refused to give him the medication prescribed by the physician at the outside hospital. Plaintiff alleges that he was not able to get

stool softeners as prescribed, resulting in severe pain and bleeding. As a result, Plaintiff was returned to the outside hospital.[1]

On May 5, 2013, an order was entered, advising Plaintiff that the original complaint failed to state a claim for relief. On May 31, 2013, Plaintiff filed a first amended complaint. The sole defendant named in the first amended complaint is Rufo Refendor, a physician's assistant employed by the U.S. Bureau of Prisons at USP Atwater. In the first amended complaint, Plaintiff alleges that on April 19, 2010, he underwent hemorrhoid surgery at Mercy Medical Center in Merced. Upon discharged, the treating physician prescribed, among other things, stool softener. When he was returned to Atwater, Plaintiff was seen by the on duty physician's assistant, Defendant Refendor. Refendor "reviewed my hospital discharge records and said that he wasn't going to order the prescription." Plaintiff alleges that because he did not get the stool softener, he lost a lot of blood the next day. Specifically, Plaintiff alleges that as he defecated, he began bleeding and was in "agonizing pain." Plaintiff specifically alleges that he lost four pints of blood and was readmitted to the hospital on April 22, 2010.

### A.    FTCA

"Federal courts are courts of limited jurisdiction." Kokonnen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). As a result, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests on the party asserting jurisdiction." Id. (citations omitted). Rule 12(b)(1) of the Federal Rules of Civil Procedure permits dismissal for lack of subject matter jurisdiction. In a facial attack, the allegations in

---

[1] Plaintiff filed a separate Bivens action against Defendant R. Refendor challenging the same conduct. On June 7, 2013, an order was entered, finding that Plaintiff stated a Bivens claim in that case and directing service of process. Franklin v. Refendor, 1:11 cv 00470 GSA PC.

Plaintiff's complaint are taken as true and all reasonable inferences are drawn in his favor. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). Further, the complaint must be liberally construed because Plaintiff is proceeding pro se. Id.

As a jurisdictional prerequisite, the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. McNeil v. United States, 508 U.S. 106, 113 (1993). A lawsuit filed prior to the exhaustion of a claimant's administrative claim is premature and must be dismissed. Id. Pursuant to 28 U.S.C. § 2675(a), an action shall not be instituted upon a claim against the United States for money damages for an employee's negligence unless the claimant has first presented the claim to the appropriate federal agency and his claim was finally denied by the agency in writing and sent by certified or registered mail. 28 U.S.C. § 2675(a).

In his complaint, Plaintiff alleges vaguely that he has exhausted his administrative remedies. As noted above, exhaustion in FTCA cases is jurisdictional, and must be specifically pled. Plaintiff fails to indicate when he filed his claim, where he filed it, and when the final disposition of his claim was entered. Because exhaustion is jurisdictional, a bare allegation that Plaintiff has exhausted his administrative remedies is insufficient. "[B]are assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a constitutional claim, for the purposes of ruling on a motion to dismiss, are not entitled to an assumption of truth." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009)(quoting Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009) quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). "Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion – even if that conclusion is cast in the form of a factual allegation." Id.

Because Plaintiff has failed to allege facts sufficient to satisfy the Court that he has complied with the exhaustion requirements of the FTCA, he has failed to properly plead jurisdiction. Specifically, Plaintiff has not indicated when he presented his claim, who he presented it to, and the final disposition of his claim, including the date of final decision. The complaint must therefore be dismissed for lack of jurisdiction. Plaintiff will, however, be granted leave to file an amended complaint that cures this deficiency.

### III.     Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not properly plead jurisdiction under the FTCA. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d

at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to properly plead jurisdiction;

2. The Clerk's Office shall send to Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will dismiss this action for lack of jurisdiction.

IT IS SO ORDERED.

Dated:  **June 12, 2013**         /s/
**Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE