UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMERY L. FRANKLIN III, | 1:11-cv-00173-GSA-PC |
| Plaintiff, | ORDER DISMISSING CASE, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983 (Doc. 7.) |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | ORDER THAT THIS DISMISSAL IS SUBJECT TO THE "THREE-STRIKES" PROVISION SET FORTH IN 28 U.S.C. § 1915(g) |
| | ORDER FOR CLERK TO CLOSE THIS CASE |

## I.   BACKGROUND

Emery L. Franklin III ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971).  Plaintiff filed the Complaint commencing this action on January 31, 2011.  (Doc. 1.)

On February 9, 2011, Plaintiff consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) in this action, and no other parties have made an appearance.  (Doc. 5.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

On June 13, 2013, the Court dismissed Plaintiff's Complaint for failure to state a claim, with leave to amend. (Doc. 6.) On June 26, 2013, Plaintiff filed the First Amended Complaint, which is now before the Court for screening. (Doc. 7.)

## II.   SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

///

///

### III. SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is a prisoner in the custody of the federal Bureau of Prisons, presently incarcerated at the United States Penitentiary (USP)-Lompoc in Lompoc, California. The events at issue in the Complaint allegedly occurred at USP-Atwater in Atwater, California, when Plaintiff was incarcerated there. Plaintiff names as defendant Physician Assistant Rufo Refendor ("Defendant"), who was employed at USP-Atwater at the time of the events. Plaintiff's factual allegations follow, in their entirety:

> "On April 19, 2010, while in Federal Bureau of Prisons custody, I had hemorrhoid surgery at Mercy Medical Center in Merced, California. Prior to discharge the doctor prescribed stool softner (*sic*), Pepcid and Tylenol (non-aspirin). The next day I was escorted to United States Penitentiary Atwater and saw the on-duty Physician Assistant, Rufo Refendor, my primary health care provider. He reviewed my hospital discharge records and said that he wasn't going to order the prescription. I spent 5 days in the hospital, had a colonoscopy, hemorrhoid surgery and had a serious need for the medication. I begged Rufo Refendor but he was indifferent to my serious medical needs and did not order the medicine. On April 21, 2010 while deficating (*sic*) I lost a lot of blood and heard a loud plump in the water. I looked and the toilet water was dark red. Rufo Refendor's deliberate indifference caused me agonizing pain, fear of dying and loss of four pints/units of blood. I was re-admitted to the hospital on April 22, 2010 about 2 a.m." (Complaint at 4 ¶IV.)

Plaintiff requests monetary damages as relief.

### IV. PLAINTIFF'S MEDICAL CLAIM

A Bivens action is the federal analog to suits brought against state officials under 42 U.S.C. § 1983. Hartman v. Moore, 547 U.S. 250, 126 S.Ct. 1695 (2006). "Actions under § 1983 and those under Bivens are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens." Van Stum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991.) The basis of a Bivens action is some illegal or inappropriate conduct on the part of a federal official or agent that violates a clearly established constitutional right. Baiser v. Department of Justice, Office of U.S. Trustee, 327 F.3d 903, (9th Cir. 2003). "To state a claim for relief under Bivens, a plaintiff must allege that a federal officer deprived him of his constitutional rights." Serra v. Lappin, 600 F.3d 1191, 1200 (9th Cir. 2010) (citing see Schearz, 234 F.3d at 432. A Bivens claim is only available against officers in their individual capacities, Morgan v. U.S.,

323 F.3d 776, 780 n.3 (9th Cir. 2003); Vaccaro v. Dobre, 81 F.3d 854, 857 (9th Cir. 1996), and Plaintiff must allege facts linking each named defendant to the violation of his rights, Iqbal, 556 U.S. at 676; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing, 588 F.3d at 1235; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "A plaintiff must plead more than a merely negligent act by a federal official in order to state a colorable claim under Bivens." O'Neal v. Eu, 866 F.2d 314, 314 (9th Cir.1988). The factual allegations must be sufficient to state a plausible claim for relief, and the mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678-78; Moss, 572 F.3d at 969.

### Eighth Amendment Medical Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment. Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

**Discussion**

Plaintiff has demonstrated that he had a serious medical need because he suffered pain after hemorrhoid surgery. However, Plaintiff fails to allege facts showing that Defendant was deliberately indifferent to those needs. Plaintiff fails to show that Defendant acted or failed to act while knowing about and deliberately disregarding a substantial risk of harm to Plaintiff. Further, Plaintiff fails to show a connection between his lack of medication and his fear of dying, loss of blood, and re-admittance to the hospital. Plaintiff alleges, at most, a difference of opinion between Plaintiff and a medical official about his treatment, which does not state an Eighth Amendment medical claim. Therefore, Plaintiff fails to state a cognizable claim for inadequate medical care under the Eighth Amendment.

///

## V.     CONCLUSION

The Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claims upon which relief may be granted under § 1983.  In this action, the Court previously granted Plaintiff an opportunity to amend the complaint, with ample guidance by the Court.  Plaintiff has now filed two complaints without alleging facts against any of the defendants which state a claim under § 1983.  The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, **IT IS HEREBY ORDERED** that:

1. Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is DISMISSED with prejudice for failure to state a claim upon which relief may be granted under § 1983;
2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g); and
3. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **April 2, 2014**                              **/s/ Gary S. Austin**
                                                                          UNITED STATES MAGISTRATE JUDGE