UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMERY L. FRANKLIN III,<br><br>    Plaintiff,<br><br>    vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | 1:11-cv-00173-GSA-PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION<br>(Doc. 14.)<br><br>ORDER DIRECTING CLERK TO REOPEN CASE |

## I.    BACKGROUND

Emery L. Franklin III ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis with this civil action.  On January 31, 2011, Plaintiff filed the Complaint commencing this action.  (Doc. 1.)  On February 9, 2011, Plaintiff consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and no other parties have appeared in this action.  (Doc. 5.)

The court screened the Complaint pursuant to 28 U.S.C. § 1915A and entered an order on June 13, 2013, dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 6.)  On June 26, 2013, Plaintiff filed the First Amended Complaint.  (Doc. 7.)  The court screened the First Amended Complaint and entered an order on April 3, 2014, dismissing this case in its entirety based on Plaintiff's failure to state a claim under Bivens v. Six Unknown Agents, 403 U.S. 388 (1971), and judgment was entered.  (Docs. 12, 13.)

On April 10, 2014, Plaintiff filed a motion for reconsideration of the court's order dismissing this case.  (Doc. 14.)

**II.     MOTION FOR RECONSIDERATION**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

A.     **Plaintiff's Motion**

Plaintiff requests reconsideration of the court's order dismissing this case under Bivens, arguing that he did not bring this case as a Bivens action, and instead intended to bring an action under the Federal Tort Claims Act (FTCA).  Plaintiff argues that he originally filed this

///

case on January 31, 2011 as a case under the FTCA, and his amended complaint brings claims under the FTCA.

### B. Bivens Claim vs. FTCA Claim

The basis of a <u>Bivens</u> action, filed pursuant to <u>Bivens v. Six Unknown Agents</u>, 403 U.S. 388 (1971), is some illegal or inappropriate conduct on the part of a federal official or agent that violates a clearly established constitutional right. <u>Baiser v. Department of Justice, Office of U.S. Trustee</u>, 327 F.3d 903, (9th Cir. 2003). A <u>Bivens</u> action is the federal analog to suits brought against state officials under 42 U.S.C. § 1983. <u>Hartman v. Moore</u>, 547 U.S. 250, 126 S.Ct. 1695 (2006). A <u>Bivens</u> claim is only available against officers in their individual capacities, <u>Morgan v. U.S.</u>, 323 F.3d 776, 780 n.3 (9th Cir. 2003); <u>Vaccaro v. Dobre</u>, 81 F.3d 854, 857 (9th Cir. 1996), and Plaintiff must allege facts linking each named defendant to the violation of his rights, <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676, 129 S.Ct. 1937, 1949 (2009); <u>Simmons v. Navajo County, Ariz.</u>, 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing, 588 F.3d at 1235; <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002). "A plaintiff must plead more than a merely negligent act by a federal official in order to state a colorable claim under <u>Bivens</u>." <u>O'Neal v. Eu</u>, 866 F.2d 314, 314 (9th Cir.1988).

On the other hand, an action pursuant to the FTCA is a civil action against the United States, "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee" of the federal government while acting within the scope of his office or employment. 28 U.S.C. § 1346(b). The FTCA, 28 U.S.C. §§ 1346(b), 2671-2680, waives the sovereign immunity of the United States for certain torts committed by federal employees. <u>FDIC v. Meyer</u>, 114 S.Ct. 996, 1000 (1994). As a jurisdictional prerequisite, the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993). Pursuant to 28 U.S.C. § 2675(a), an action shall not be instituted upon a claim against the United States for money damages for an employee's negligence unless the claimant has first presented the claim to the appropriate federal agency and his claim was finally denied by the agency in writing and sent by certified or registered mail. 28 U.S.C. § 2675(a). A lawsuit filed

prior to the exhaustion of a claimant's administrative claim is premature and must be dismissed. McNeil, 508 U.S. at 113.

**C.     Discussion**

In the court's April 3, 2014 order, the court refers to this case as a "civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971)." (Doc. 12 at 1:22.) The court's April 3, 2014 order dismissed this case based on Plaintiff's failure to state a claim in the First Amended Complaint under Bivens, based on his failure to satisfy the deliberate indifference standard of the Eighth Amendment.

The court had good cause to treat the First Amended Complaint as a Bivens action. First, Plaintiff is a federal prisoner. Second, on its face the First Amended Complaint was brought pursuant to "42 U.S.C. § 1983," which is the state analog for cases under Bivens. (First Amended Complaint, Doc. 7 at 1.) Third, Plaintiff names Rufo Refendor, a federal employee, as one of the defendants. (Id. at 2 ¶III-A.) Rufo Refendor was a Physician's Assistant at the U.S. Penitentiary-Atwater (USP-Atwater) at the time of the events at issue. Fourth, Plaintiff's allegations of inadequate medical care could have been brought under Bivens. Plaintiff refers to Rufo Refendor's "indifferen(ce) to my serious medical needs," which reflects the standard for stating a medical claim under the Eighth Amendment.[1]  Finally, Plaintiff does not state anywhere in the First Amended Complaint that he is proceeding under the FTCA. On these facts, the court had good cause to treat the First Amended Complaint as a Bivens action.

However, the court also finds evidence supporting Plaintiff's assertion that he intended to proceed under the FTCA with his amended complaint. First, the court's first screening order, issued on June 13, 2013, found Plaintiff's original Complaint to be a civil action under

---

[1] "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

the FTCA and dismissed the Complaint for lack of evidence that he had exhausted his administrative remedies, as required under the FTCA. (Doc. 6.) Plaintiff was granted leave "to file an amended complaint curing the deficiencies identified by the Court in [the] order." (Id. at 5:10-12.)  Second, Plaintiff named the United States of America as defendant, which is characteristic of an FTCA action.  Third, the court's order acknowledges that Plaintiff is already proceeding against Rufo Refendor under Bivens in another case -- 1:11-cv-00470-GSA-PC -- challenging the same conduct by Rufo Refendor alleged in this case.  (Id. at 3 fn.1.) Finally, Plaintiff has stated under penalty of perjury that "[this] action is supposed to be [an action under the] Federal Tort Claims Act, (FTCA), 28 U.S.C. § 1346(B)."  (Doc. 14 at 1.) Based on this evidence, the court finds good cause to re-screen the First Amended Complaint as a civil action under the FTCA, to determine whether Plaintiff states a cognizable claim under the FTCA.

### III.	SCREENING OF FIRST AMENDED COMPLAINT UNDER FTCA

#### A.	Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  While a plaintiff's allegations are

taken as true, courts "are not required to indulge unwarranted inferences." <u>Doe I v. Wal-Mart Stores, Inc.</u>, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Iqbal</u> 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not. <u>Id.</u> The mere possibility of misconduct falls short of meeting this plausibility standard. <u>Id.</u> at 678-79; <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009).

### B. Summary of First Amended Complaint

The events at issue in the First Amended Complaint allegedly occurred at USP-Atwater in Atwater, California, when Plaintiff was incarcerated there. Plaintiff names as defendants the United States of America and Physician's Assistant Rufo Refendor, who was employed at USP-Atwater at the time of the events. Plaintiff's factual allegations follow, in their entirety:

> "On April 19, 2010, while in Federal Bureau of Prisons custody, I had hemorrhoid surgery at Mercy Medical Center in Merced, California.  Prior to discharge the doctor prescribed stool softner (*sic*), Pepcid and Tylenol (non-aspirin).  The next day I was escorted to United States Penitentiary Atwater and saw the on-duty Physician Assistant, Rufo Refendor, my primary health care provider.  He reviewed my hospital discharge records and said that he wasn't going to order the prescription. I spent 5 days in the hospital, had a colonoscopy, hemorrhoid surgery and had a serious need for the medication.  I begged Rufo Refendor but he was indifferent to my serious medical needs and did not order the medicine.  On April 21, 2010 while deficating (*sic*) I lost a lot of blood and heard a loud plump in the water.  I looked and the toilet water was dark red.  Rufo Refendor's deliberate indifference caused me agonizing pain, fear of dying and loss of four pints/units of blood.  I was re-admitted to the hospital on April 22, 2010 about 2 a.m." (First Amended Complaint at 4 ¶IV.)

Plaintiff requests monetary damages as relief.

### C. Plaintiff's Claims

#### 1. FTCA

As discussed above at ¶II-B, an action pursuant to the FTCA is a civil action against the United States, "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee" of the federal government while acting

within the scope of his office or employment. 28 U.S.C. § 1346(b). The FTCA, 28 U.S.C. §§ 1346(b), 2671-2680, waives the sovereign immunity of the United States for certain torts committed by federal employees. <u>FDIC v. Meyer</u>, 114 S.Ct. 996, 1000 (1994). As a jurisdictional prerequisite, the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993). Pursuant to 28 U.S.C. § 2675(a), an action shall not be instituted upon a claim against the United States for money damages for an employee's negligence unless the claimant has first presented the claim to the appropriate federal agency and his claim was finally denied by the agency in writing and sent by certified or registered mail. 28 U.S.C. § 2675(a). A lawsuit filed prior to the exhaustion of a claimant's administrative claim is premature and must be dismissed. <u>McNeil</u>, 508 U.S. at 113.

In the First Amended Complaint, Plaintiff alleges that he exhausted his available administrative remedies:

> "5/5/2010 filed Standard Form 95 Claim for Damage, Injury, or Death with Western Region. 8/19/2010 it was denied. 8/21/10 I appealed asking for a reconsideration. 8/27/2010 it was denied."
> (First Amended Complaint at 3 ¶II-C.)

As such, it appears on the face of the complaint that Plaintiff timely filed an administrative claim to a federal agency as required by 28 U.S.C. § 2675. <u>Id.</u> ("The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, and, as such, should be affirmatively alleged in the complaint.") (internal citation omitted).

### 2. **Negligence**

The elements of a negligence claim in this forum are duty, breach of duty, proximate cause, and damages. <u>Minch v. Department of California Highway Patrol</u>, 140 Cal.App.4th 895, 900-01 (Cal. App. 2006). Plaintiff alleges that defendant Rufo Refendor owed him a duty to provide him with adequate medical care and breached that duty when he refused to order the medication the doctor at Mercy Medical Center had prescribed to Plaintiff after he had hemorrhoid surgery there. Plaintiff alleges that as a result of defendant Refendor's negligence,

///

Plaintiff was returned to the hospital and suffered agonizing pain, fear of dying, and loss of four pints/units of blood.

Based on these allegations, the Court finds that Plaintiff states a claim for negligence against the United States for the conduct of defendant Refendor.

**IV. CONCLUSION AND ORDER**

The court has re-screened Plaintiff's First Amended Complaint and finds that Plaintiff states a cognizable claim for negligence against defendant United States of America under the FTCA. Therefore, Plaintiff's motion for reconsideration shall be granted, and this case shall be reopened.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on April 10, 2014, is GRANTED; and

2. The Clerk of Court is directed to REOPEN this case.

IT IS SO ORDERED.

Dated:   **April 23, 2014**                              **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE