UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMERY L. FRANKLIN III, <br><br>             Plaintiff, <br><br>     vs. <br><br> UNITED STATES OF AMERICA, et al., <br><br>             Defendants. | 1:11-cv-00173-GSA-PC <br><br> ORDER CONSOLIDATING CASE 1:11-CV-00470-GSA-PC WITH THIS CASE <br><br> ORDER DIRECTING CLERK TO CONSOLIDATE CASES <br><br> ORDER FOR PLAINTIFF TO FILE SECOND AMENDED COMPLAINT, AS INSTRUCTED BY THIS ORDER <br><br> THIRTY DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT |

I.     BACKGROUND

   *Case 11-cv-173 (Present Case)*

   Emery L. Franklin III ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis with this civil rights action, pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971), case 1:11-cv-00173-GSA-PC ("11-cv-173"). Plaintiff filed the Complaint commencing this action on January 31, 2011. (Doc. 1.) The court screened the Complaint and issued an order on June 13, 2013, dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 6.) On June 26, 2014, Plaintiff filed the First Amended Complaint, upon which this case now proceeds against defendant Rufo Refendor for inadequate medical care under the Eighth Amendment. (Doc. 7.)

### *Case 11-cv-470 (Subsequent Case)*

On March 21, 2011, Plaintiff filed a Complaint under the Federal Tort Claims Act, commencing case 1:11-cv-00470-GSA-PC ("11-cv-470"). (11cv470, Doc. 1.) The court screened the Complaint and issued an order on May 15, 2013, dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 6.) On May 31, 2013, Plaintiff filed the First Amended Complaint, upon which this case now proceeds against defendant United States of America under tort law. (Doc. 7.)

## II.  CONSOLIDATION OF CASES – RULE 42(a)

### A.  Legal Standard

Consolidation is governed by Rule 42(a) of the Federal Rules of Civil Procedure, which provides, "If actions before the court involve a common question of law or fact, the court may (1) join for hearing or trial any or all of the matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Consolidation may be ordered on the motion of any party or on the court′s own motion whenever it reasonably appears that consolidation would aid in the efficient and economic disposition of a case. See In re Air Crash Disaster at Florida Everglades on December 29, 1972, 549 F.2d 1006 (5th Cir. 1977). The decision whether to consolidate cases rests in the trial court's sound discretion, and is not dependent on party approval. Investors Research Co. v. United States Dist. Ct., 877 F.2d 777 (9th Cir. 1989); Cantrell v. GAF Corp., 999 F.2d 1007, 1007, 1001 (6th Cir. 1993). In determining whether to consolidate actions, the court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation. Southwest Marine, Inc., v. Triple A. Mach. Shop, Inc., 720 F. Supp. 805, 807 (N.D. Cal. 1989).

### B.  Discussion

Plaintiff's two cases cited above arise from the same events and injuries and proceed against the same medical official employed at the United States Penitentiary-Atwater (USP-Atwater) when Plaintiff was incarcerated there. In both cases, Plaintiff alleges that on April 20, 2010, upon his return to USP-Atwater after hemorrhoid surgery at Mercy Medical Center, he

met with defendant Physician Assistant (PA) Rufo Refendor who refused to order the medications recommended for Plaintiff by the doctor at Mercy Medical Center. (11-cv-173 Doc. 7 at 4; 11-cv-470 Doc. 7 at 4.)  Plaintiff alleges he suffered agonizing pain and bleeding for several days and sought further assistance from PA Refendor, who failed to adequately treat his serious medical needs. (Id.)  In both cases, Plaintiff alleges that he was returned to Mercy Medical Center on April 21, 2010 after losing a large amount of blood. (Id.)  In case 11-cv-173, the Federal Tort Claims action, Plaintiff names as defendant the United States of America for the actions of PA Rufo Refendor, and requests monetary damages.  In case 11-cv-470, the Bivens action, Plaintiff names PA Rufo Refendor as defendant, and requests monetary damages and injunctive relief.

Based on the allegations discussed above, the Court finds common questions of fact in Plaintiff's two cases.  Consolidation of these actions would result in judicial economy, because Plaintiff's claims would be resolved in one case instead of two.  The court does not foresee any confusion of the issues, delay, or prejudice resulting from consolidation in this instance.  Therefore, Plaintiff's two cases shall be consolidated.

Plaintiff shall be required to file an amended complaint reciting the allegations and stating his FTCA and Bivens claims from both of his consolidated cases, within thirty days.  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

///

///

///

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's two cases, 1:11-cv-00173-GSA-PC and 1:11-cv-00470-GSA-PC, shall be consolidated;
2. The Clerk of Court is directed to consolidate case 1:11-cv-00470-GSA-PC with the present case, and the two consolidated cases shall proceed together as one case under case number 1:11-cv-00173-GSA-PC;
3. The Clerk shall administratively close case 1:11-cv-00470-GSA-PC and term all pending motions, and no further filings will be allowed in that case;
4. The Clerk shall send Plaintiff a <u>Bivens</u> civil rights complaint form;
5. Within thirty (30) days of the date of service of this order, Plaintiff shall file a Second Amended Complaint using the court's form, combining all of the allegations and claims from both of his consolidated cases;
6. Plaintiff shall boldly caption the amended complaint "Second Amended Complaint," use case number 1:11-cv-00173-GSA-PC, and sign the amended complaint under penalty of perjury;
7. All future filings shall bear case number 1:11-cv-00173-GSA-PC; and
8. Plaintiff's failure to comply with this order shall result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   **May 7, 2014**                             **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE