UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMERY L. FRANKLIN III,<br><br>           Plaintiff,<br><br>       vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>           Defendants. | 1:11-cv-00173-GSA-PC<br><br>ORDER FINDING COGNIZABLE CLAIM<br><br>ORDER FOR THIS CASE TO PROCEED AGAINST DEFENDANT UNITED STATES UNDER THE FEDERAL TORT CLAIMS ACT<br><br>ORDER DISMISSING ALL OTHER DEFENDANTS AND CLAIMS FROM THIS ACTION FOR FAILURE TO STATE A CLAIM |

**I.     BACKGROUND**

Emery L. Franklin III ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis with this civil action pursuant to <u>Bivens vs. Six Unknown Agents</u>, 403 U.S. 388 (1971) and the Federal Tort Claims Act, 28 U.S.C. § 1346(b).  Plaintiff filed the Complaint commencing this action on January 31, 2011.  (Doc. 1.)

On February 9, 2011, Plaintiff consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) in this action, and no other parties have made an appearance.  (Doc. 5.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

On June 13, 2013, the Court dismissed Plaintiff's Complaint for failure to state a claim, with leave to amend.  (Doc. 6.)  On June 26, 2013, Plaintiff filed the First Amended Complaint.  (Doc. 7.)  On May 8, 2014, the court consolidated Plaintiff's case 1:11-cv-000470-GSA-PC (Franklin v. United States, et al.) with this case, based on common questions of fact, and ordered Plaintiff to file an amended complaint in the consolidated action.  (Doc. 16.)  On May 21, 2014, Plaintiff filed the Second Amended Complaint, which is now before the court for screening. (Doc. 17.)

## II.     SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)

(internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

### III.     SUMMARY OF SECOND AMENDED COMPLAINT

Plaintiff is a prisoner in the custody of the federal Bureau of Prisons (BOP), presently incarcerated at the United States Penitentiary (USP)-Lompoc in Lompoc, California.  The events at issue in the Complaint allegedly occurred at USP-Atwater in Atwater, California, when Plaintiff was incarcerated there.  Plaintiff names as defendants Rufo Refendor, who was employed as a Physician's Assistant at USP-Atwater at the time of the events, and the United States.  Plaintiff's factual allegations follow.

On April 19, 2010, while in custody of the BOP, Plaintiff had hemorrhoid surgery at Mercy Medical Center in Merced, California.  Prior to discharge the doctor prescribed a stool softener, Pepcid, and Tylenol (non-aspirin).  The next day Plaintiff was escorted to USP-Atwater and saw the on-duty Physician's Assistant, defendant Rufo Refendor.  Defendant Refendor reviewed Plaintiff's hospital discharge records and said that he wasn't going to order the prescription.  Plaintiff had spent five days in the hospital, had a colonoscopy and hemorrhoid surgery, and had a serious need for the medication.

On April 21, 2010 while defecating, Plaintiff lost a lot of blood and heard a loud plump in the water.  He looked and the toilet water was dark red.  Defendant Refendor's deliberate indifference caused Plaintiff agonizing pain, fear of dying, and loss of four pints/units of blood.  Plaintiff was re-admitted to the hospital on April 22, 2010 about 2 a.m.

Plaintiff requests monetary damages as relief.

///

///

IV.     PLAINTIFF'S CLAIMS

   A.     **Eighth Amendment Medical Claim -- Bivens Action**

The basis of a Bivens action is some illegal or inappropriate conduct on the part of a federal official or agent that violates a clearly established constitutional right. Baiser v. Department of Justice, Office of U.S. Trustee, 327 F.3d 903, (9th Cir. 2003). A Bivens action is the federal analog to suits brought against state officials under 42 U.S.C. § 1983. Hartman v. Moore, 547 U.S. 250, 126 S.Ct. 1695 (2006). A Bivens claim is only available against officers in their individual capacities, Morgan v. U.S., 323 F.3d 776, 780 n.3 (9th Cir. 2003); Vaccaro v. Dobre, 81 F.3d 854, 857 (9th Cir. 1996), and Plaintiff must allege facts linking each named defendant to the violation of his rights, Iqbal, 556 U.S. at 676; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing, 588 F.3d at 1235; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "A plaintiff must plead more than a merely negligent act by a federal official in order to state a colorable claim under Bivens." O'Neal v. Eu, 866 F.2d 314, 314 (9th Cir. 1988). The factual allegations must be sufficient to state a plausible claim for relief, and the mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678-78; Moss, 572 F.3d at 969.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison

officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id.  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).  "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment. Id. at 1060.  "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

**Discussion**

Plaintiff has demonstrated that he had a serious medical need because he suffered pain after hemorrhoid surgery.  However, Plaintiff fails to allege facts showing that Defendant was deliberately indifferent to those needs.  Plaintiff fails to show that Defendant acted or failed to act while knowing about and deliberately disregarding a substantial risk of harm to Plaintiff.

Plaintiff alleges, at most, a difference of opinion between Plaintiff and a medical official about his treatment, which does not state an Eighth Amendment medical claim.  Therefore, Plaintiff fails to state a cognizable claim for inadequate medical care under the Eighth Amendment.

### B.     Federal Tort Claims Act (FTCA)

An action pursuant to the FTCA is a civil action against the United States, "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee" of the federal government while acting within the scope of his office or employment.  28 U.S.C. § 1346(b).  The FTCA, 28 U.S.C. §§ 1346(b), 2671-2680, waives the sovereign immunity of the United States for certain torts committed by federal employees.  FDIC v. Meyer, 114 S.Ct. 996, 1000 (1994).  As a jurisdictional prerequisite, the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.  McNeil v. United States, 508 U.S. 106, 113 (1993).  Pursuant to 28 U.S.C. § 2675(a), an action shall not be instituted upon a claim against the United States for money damages for an employee's negligence unless the claimant has first presented the claim to the appropriate federal agency and his claim was finally denied by the agency in writing and sent by certified or registered mail.  28 U.S.C. § 2675(a).  A lawsuit filed prior to the exhaustion of a claimant's administrative claim is premature and must be dismissed.  Id.

### Discussion

In the Second Amended Complaint, Plaintiff alleges that he exhausted his available administrative remedies:

> "5/5/2010 filed Form 95 with Western Region.  8/19/2010 it was denied.  8/21/10 I appealed.  8/27/2010 it was denied.  5/18/10 BP8 denied.  5/22/10 I filed a BP9.  It was denied 6/21/10.  I appealed 7/1/10 through a BP10.  It was denied 7/23/10.  I appealed to Central Office with a BP11.  I received an April 20, 2011 denial May 6, 2011."  (Second Amended Complaint at 4 ¶II-C.)

As such, it appears on the face of the complaint that Plaintiff timely filed an administrative claim to a federal agency as required by 28 U.S.C. § 2675.  Id.  ("The timely filing of an

///

administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, and, as such, should be affirmatively alleged in the complaint.") (internal citation omitted).

The elements of a negligence claim in this forum are duty, breach of duty, proximate cause, and damages. Minch v. Department of California Highway Patrol, 140 Cal.App.4th 895, 900-01 (Cal. App. 2006). Plaintiff alleges that defendant Rufo Refendor owed him a duty to provide him with adequate medical care and breached that duty when he refused to order the medication the doctor at Mercy Medical Center had prescribed to Plaintiff after he had hemorrhoid surgery there. Plaintiff alleges that as a result of defendant Refendor's negligence, Plaintiff was returned to the hospital and suffered agonizing pain, fear of dying, and loss of four pints of blood.

Based on these allegations, the Court finds that Plaintiff states a cognizable claim for negligence under the FTCA against the United States for the conduct of defendant Refendor.[1]

## IV.    CONCLUSION AND ORDER

The court finds that Plaintiff states a cognizable claim in the Second Amended Complaint against defendant United States of America under the FTCA. However, Plaintiff fails to state any other cognizable claims in the Second Amended Complaint. In this action, the Court previously granted Plaintiff two opportunities to amend the complaint, with guidance by the Court. Plaintiff has now filed three complaints without alleging facts against defendant Rufendor which state a claim under Bivens. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Accordingly, IT IS HEREBY ORDERED that:

1. This case now proceeds against defendant United States under the Federal Tort Claims Act;

///

---

[1] "[T]he United States is the only proper defendant in an FTCA action." Kennedy v. U.S. Postal Service, 145 F.3d 1077, 1078 (9th Cir. 1998).

    2.      All other claims and defendants are DISMISSED from this action for failure to state a claim;

    3.      Defendant Rufo Refendor is DISMISSED from this action for Plaintiff's failure to state any claims against him; and

    4.      Service of process shall be initiated by separate order.

IT IS SO ORDERED.

    Dated:   **March 17, 2015**                  **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE