# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMERY L. FRANKLIN III,<br><br>       Plaintiff,<br><br>   vs.<br><br>UNITED STATES,<br><br>       Defendant. | 1:11-cv-00173-EPG-PC<br><br>ORDER GRANTING DEFENDANT UNITED STATES' MOTION FOR SUMMARY JUDGMENT<br>(ECF No. 31.)<br><br>ORDER FOR CLERK TO CLOSE THIS CASE AND ENTER JUDGMENT IN FAVOR OF DEFENDANT UNITED STATES |

Plaintiff's Second Amended Complaint alleges that Defendant United States ("Defendant") breached its duty to provide medical care to Plaintiff when Rufo Refendor, a Physician's Assistant employed at the United States Penitentiary-Atwater, failed to order a prescription given to Plaintiff by an outside medical provider. (ECF No. 17.) For the reasons below, Defendant shall be granted summary judgment because (1) there was no prescription, and (2) the medications Plaintiff needed were available to him at the federal penitentiary.

## I.       BACKGROUND

On January 31, 2011, Emery L. Franklin III ("Plaintiff"), a federal prisoner proceeding *pro se*, filed this civil action pursuant to <u>Bivens vs. Six Unknown Agents</u>, 403 U.S. 388 (1971) and the Federal Tort Claims Act, 28 U.S.C. § 1346(b). (ECF No. 1.)

1

The parties to this case have consented to the jurisdiction of a Magistrate Judge under 28 U.S.C. § 636(c), and therefore the undersigned shall conduct all further proceedings in this case, including trial and final judgment.  (ECF Nos. 40, 41.)

On June 13, 2013, the Court dismissed Plaintiff's Complaint for failure to state a claim, with leave to amend.  (ECF No. 6.)  On June 26, 2013, Plaintiff filed the First Amended Complaint.  (ECF No. 7.)  On May 8, 2014, the Court consolidated Plaintiff's case 1:11-cv-000470-GSA-PC (<u>Franklin v. United States, et al.</u>) with this case, based on common questions of fact, and ordered Plaintiff to file an amended complaint in the consolidated action.  (ECF No. 16.)  On May 21, 2014, Plaintiff filed the Second Amended Complaint, which the Court found states a cognizable claim.  (ECF Nos. 17, 25.)  This case now proceeds on the Second Amended Complaint against defendant United States for negligence under the Federal Tort Claims Act.[1]

On May 26, 2015, Defendant filed a Rule 12(b)(6) motion to dismiss, or in the alternative, for summary judgment. (ECF No. 31.)   On June 17, 2015, Plaintiff filed an opposition to the motion.[2]   (ECF Nos. 32-34.)  On June 30, 2015, Defendant filed a reply. (ECF No. 37.)  Defendant's motion is now before the Court.  Local Rule 230(*l*).

## II.    PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the custody of the federal Bureau of Prisons (BOP), presently incarcerated at the United States Penitentiary (USP)-Lompoc in Lompoc, California.   The events at issue in the Complaint allegedly occurred at USP-Atwater in Atwater, California, when Plaintiff was incarcerated there.  Plaintiff's factual allegations follow.

On April 19, 2010, while in the custody of the BOP, Plaintiff had hemorrhoid surgery at Mercy Medical Center in Merced, California.  Prior to discharge the doctor prescribed a stool

---

[1] On March 17, 2015, the Court dismissed all other claims and defendants from this action based on Plaintiff's failure to state a claim.  (ECF No. 25.)

[2] Concurrently with their motion for summary judgment, Defendant served Plaintiff with the requisite notice of the requirements for opposing the motion.  <u>Woods v. Carey</u>, 684 F.3d 934, 939-41 (9th Cir. 2012); <u>Rand v. Rowland</u>, 154 F.3d 952, 960-61 (9th Cir. 1998).  (ECF No. 31 at 2-3.)

softener, Pepcid, and Tylenol (non-aspirin).   The next day Plaintiff was escorted to USP-Atwater and saw the on-duty Physician's Assistant, Rufo Refendor.   Refendor reviewed Plaintiff's hospital discharge records and said that he wasn't going to order the prescription. Plaintiff had spent five days in the hospital, had a colonoscopy and hemorrhoid surgery, and had a serious need for the medication.

On April 21, 2010 while defecating, Plaintiff lost a lot of blood and heard a loud plump in the water.   He looked and the toilet water was dark red.   Plaintiff suffered agonizing pain, fear of dying, and loss of four pints/units of blood.   Plaintiff was re-admitted to the hospital on April 22, 2010 at about 2 a.m.

Plaintiff requests monetary damages as relief.

## III.    NEGLIGENCE CLAIM

In California, the elements of a negligence cause of action are the existence of a legal duty of care, breach of that duty, and the breach as the proximate cause of the resulting injury. Flores v. Emerich & Fike, No. 1:05-CV-0291 AWI DLB, 2008 WL 2489900, at *35 (E.D. Cal. June 18, 2008), citing Ladd v. County of San Mateo, 12 Cal.4th 913, 917-18 (1996); Mendoza v. City of Los Angeles, 66 Cal.App.4th 1333, 1339 (1998).   "The elements of a medical malpractice claim are (1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and resulting injury; and (4) actual loss or damage resulting from the professional's negligence."   Clifton v. Pierre, No. 1:13-CV-01325 DLB PC, 2014 WL 6773765, at *4 (E.D. Cal. Nov. 7, 2014), quoting Avivi v. Centro Medico Urgente Medical Center, 159 Cal.App.4th 463, 468, n. 2 (2008).   A public entity or a public employee (acting within the scope of his employment) is liable for failing to take action in response to a "prisoner" in need of immediate medical care.   Gov.Code, § 845.6; Lawson v. Superior Court of San Diego County, 180 Cal.App.4th 1372, 1383-84 (2010).

\\\
\\\
\\\

3

## IV.   RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

### A.   <u>Legal Standards</u>

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true.  <u>Erickson v. Pardus</u>, 551 U.S. 89, 93–94 (2007); <u>Hosp. Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S. 738, 740 (1976).  The Court must also construe the alleged facts in the light most favorable to the plaintiff.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974), overruled on other grounds by <u>Davis v. Scherer</u>, 468 U.S. 183 (1984); <u>Barnett v. Centoni</u>, 31 F.3d 813, 816 (9th Cir.1994) (*per curiam*).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  <u>See</u> <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421(1969).  In addition, *pro se* pleadings are held to a less stringent standard than those drafted by lawyers.  <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint.  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  <u>Scheuer</u>, 416 U.S. at 236 (1974).

The first step in testing the sufficiency of the complaint is to identify any conclusory allegations.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  <u>Id.</u> at 1949 (citing <u>Twombly</u>, 550 U.S. at 555).  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  <u>Twombly</u>, 550 U.S. at 555 (citations and quotation marks omitted).

After assuming the veracity of all well-pleaded factual allegations, the second step is for the Court to determine whether the complaint pleads "a claim to relief that is plausible on its face."  <u>Iqbal</u>, 556 U.S. at 678 (citing <u>Twombly</u>, 550 U.S. at 556) (rejecting the traditional

12(b)(6) standard set forth in <u>Conley</u>, 355 U.S. at 45-46).  A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Id.</u> at 678 (citing <u>Twombly</u>, 550 U.S. at 556).  The standard for plausibility is not akin to a "probability requirement," but it requires "more than a sheer possibility that a defendant has acted unlawfully."  <u>Id.</u>

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings.  <u>Cooper v. Pickett</u>, 137 F.3d 616, 622 (9th Cir. 1998); <u>Branch v. Tunnell</u>, 14 F.3d 449, 453 (9th Cir. 1994).[3]

## B.     Defendant's Motion to Dismiss

Defendant argues that Plaintiff fails to state a plausible claim that any medical provider breached a duty of care or was in any way negligent.  Defendant contends that Plaintiff does not have sufficient admissible evidence on the breach of any standard of care or causation of any damages that any rational trier of fact could find in his favor.  Defendant argues that Plaintiff's Second Amended Complaint contains only threadbare recitals and conclusory statements, which do not satisfy Rule 8 or provide enough factual support to survive a motion to dismiss.

The Court looks to Plaintiff's allegations in the Second Amended Complaint, taking as true any of Plaintiff's well-pleaded factual allegations and construing the alleged facts in the light most favorable to Plaintiff.  Plaintiff did not submit any evidence with the Second Amended Complaint.  Here, the Court finds that Plaintiff's Second Amended Complaint satisfies the requirements of Rule 8.  Plaintiff alleges that Rufo Refendor, an on-duty Physician's Assistant at USP-Atwater, owed him a duty to provide him with adequate medical

---

[3] Defendant requests the Court to take judicial notice of Plaintiff's original Complaint and its exhibits, filed on March 21, 2011 (ECF No. 1) from consolidated case 1:11-cv-000470-GSA-PC (<u>Franklin v. United States, et al.</u>), and the declaration of Sherry Franco, in support of its motion to dismiss, or in the alternative, motion for summary judgment.  Defendant has not offered any argument why the Court should dispense with the general rule not to consider materials outside of the operative complaint when deciding a Rule 12(b)(6) motion to dismiss.  Moreover, an amended complaint supercedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F. 3d. 896, 907 n.1 (9th Cir. 2012) (en banc).  Therefore, the Court shall not consider any of Plaintiff's prior complaints in deciding whether the Second Amended Complaint states a claim.  Therefore, the Court denies the request for judicial notice in support of the motion to dismiss.  With respect to judicial notice in support of the motion for summary judgment, the Court shall consider Defendant's request later in this order.

care and breached that duty when he refused to order the medication the doctor at Mercy Medical Center had prescribed to Plaintiff after he had hemorrhoid surgery there.  Plaintiff alleges that as a result of Rufo Refendor's conduct, he suffered agonizing pain, fear of dying, and loss of four pints of blood.  Based on these allegations, the Court finds that Plaintiff states a cognizable claim for negligence under the FTCA, against defendant United States for the conduct of Rufo Refendor.  Therefore, Defendant's motion to dismiss Plaintiff's negligence claim is denied.

## V.    MOTION FOR SUMMARY JUDGMENT

### A.    Legal Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mutual Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011).  Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1).  The Court may consider other materials in the record not cited to by the parties, but it is not required to do so.  Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

Defendant does not bear the burden of proof at trial and in moving for summary judgment, he need only prove an absence of evidence to support Plaintiff's case.  In re Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  If Defendant meets his or her initial burden, the burden then shifts to Plaintiff "to designate specific facts demonstrating the existence of genuine issues for trial." Id. (citing Celotex Corp., 477 U.S. at 323).  This requires Plaintiff to "show more than the mere ///

existence of a scintilla of evidence." Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)).

In judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011), cert. denied, 132 S.Ct. 1566 (2012).  The Court determines only whether there is a genuine issue for trial and in doing so, it must liberally construe Plaintiff's filings because he is a *pro se* prisoner.  Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010).

**B.   Defendant's Request for Judicial Notice**

Under Federal Rule of Evidence 201(b) ("Rule 201"), "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Judicial notice is particularly appropriate for the Court's own records in prior litigation related to the case before it.  Amphibious Partners, LLC v. Redman, 534 F.3d 1357, 1361–62 (10th Cir. 2008) (district court was entitled to take judicial notice of its memorandum of order and judgment from previous case involving same parties); see also United States v. Howard, 381 F.3d 873, 876 n. 1 (9th Cir. 2004) (taking judicial notice of court records in another case).  Documents that are part of the public record may be judicially noticed to show, for example, that a judicial proceeding occurred or that a document was filed in another Court case, but a Court may not take judicial notice of findings of facts from another case.  See Wyatt v. Terhune, 315 F.3d 1108, 1114 & n. 5 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001); Jones, 29 F.3d at 1553.  Nor may the Court take judicial notice of any matter that is in dispute.  Lee, 250 F.3d at 689–90; Lozano v. Ashcroft, 258 F.3d 1160, 1165 (10th Cir. 2001).

Defendant United States requests that the Court take notice of the following documents and adjudicative facts pursuant to Rule 201 of the Federal Rules of Evidence:

Exhibit "1".  Complaint filed under penalty of perjury by Emery L. Franklin, III in the United States District Court, Eastern District of California, Fresno Division, in the case styled <u>Emery L. Franklin, III, v. United States</u>, Case No. 1:11-cv-00470 GSA-PC, on March 21, 2011, Docket No. 1.

Exhibit "2".  Declaration of Sherry Franco filed in the United States District Court, Eastern District of California, Fresno Division, in the case styled <u>Emery L. Franklin, III, v. United States</u>, Case No. 1:11-cv-00470 GSA-PC, on December 16, 2013, Docket No. 15, attachment #2.

Plaintiff has not opposed Defendant's request.

The Court-filed complaint and declaration are properly subject to judicial notice as Court records in a related case.  However, a Court can only take judicial notice of the *existence* of those matters of public record (the existence of a motion or of representations having been made therein) but not of the *veracity* of the arguments and disputed facts contained therein.  <u>Id.</u> (quoting <u>Robinson</u>, 971 F.2d at 248).  That said, the Court notes that the prior complaint was filed by the Plaintiff, who endorsed its veracity through filing.  Moreover, "the amended complaint may only allege 'other facts consistent with the challenged pleading.'"  <u>Reddy v. Litton Industries, Inc.</u>, 912 F.2d 291, 296-97 (9th Cir. 1990), <u>accord</u> <u>United States v. Corinthian Colleges</u>, 655 F.3d 984, 995 (9th Cir. 2011).  The Court therefore grants Defendant's request for judicial notice.

## C.   <u>Defendant's Undisputed Facts</u>

Defendant argues that under the following undisputed facts, Plaintiff cannot show any negligence.  On April 20, 2010, the hospital sent Franklin's "Patient's Home + Current Medications for Discharge" ("Medication List") to Health Services at USP Atwater via facsimile.  (Request for Judicial Notice ("RJN") Ex. 1, Compl. at p. 5, Ex. 4; RJN Ex. 2, Declaration of Sherry Franco ("Franco Decl."), ¶9.)  The Medication List is not a prescription. (RJN Ex. 1, Compl. at Ex. 4; RJN Ex. 2, Franco Decl. at Ex. 1.)  The hospital did not provide BOP with a prescription for a stool softener for Franklin at the relevant time.  (RJN Ex. 2, Franco Decl. at ¶ 9.)  Mr. Refendor examined the Medication List and told Franklin, "these medications are what they ordered for you. But you already have them in your cell. So I'm not going to order you anything."  (RJN Ex. 1, Compl. at p. 5.)  Mr. Refendor made a written note

stating Franklin has Metamucil in his cell and gave him a lay-in for 7 days.  (Id. at Compl. at Ex. 2; RJN No. 2, Franco Decl. at Ex. 2.)  Mr. Refendor requested that the encounter be reviewed by BOP supervising physician, Jon F. Franco M.D., who co-signed the note the same day.  (RJN Ex. 1, Compl. at Ex. 2; RJN Ex., 2, Franco Decl. at Ex. 2.)  Stool softeners were advertised for sale over-the-counter at the USP Atwater commissary.  (RJN Ex. 1, Compl. at Ex. 1, p. 15, (Fiber Laxative $5.35, Milk of Magnesia $2.50) and p. 17 (Docusate Sodium (Stool Softener) $3.65); see also Ex. 5 (Milk of Magnesia $2.50 and Fiber Powder (laxative) $5.35)).  The following morning on April 21, 2010, Franklin went to the "pill line" and asked Mr. Refendor for a pain reliever, which he provided.  (RJN Ex. 1, Compl. at p. 7.)

### D.   Defendant's Burden

The Court finds that Defendant has met its burden on summary judgment for Plaintiff's negligence claim against Defendant.  Defendant's evidence shows that there was no "prescription" given to Plaintiff by the doctor at the outside hospital, and therefore Defendant could not have breached a duty to order a "prescription" for Plaintiff.  Undisputed evidence shows that while Plaintiff's Second Amended Complaint alleges there was a "prescription" for stool softeners (ECF No. 17 at 5 ¶IV), Plaintiff testified in a prior verified complaint that "on page two of that document it says, "THIS IS NOT A PRESCRIPTION – Used as a tool for clarification of discharge medications," which is evidence that Plaintiff is actually referring to the Medication List, which is not a "prescription." (Complaint, Exh. 1 to Defendant's Request for Judicial Notice ("RJN"), ECF No. 31-3, at p. 5.)  Defendant's evidence shows that Sherry Franco, Medical Record Technician at USP-Atwater, declared that "BOP medical records do not reflect any prescription stool softeners for Emery Franklin by MMC on April 20, 2010, . . [but] sent a facsimile of a Medication List . . . for Emery Franklin . . . [which] includes an advisory '*THIS IS NOT A PRESCRIPTION – USED AS A TOOL FOR CLARIFICATION OF DISCHARGE MEDICATIONS*,' and MMC did not create a separate prescription . . . for Emery Franklin."  (Franco Decl., Exh. 1 to RJN, at ¶ 9.)

Defendant also argues that there was no breach of care because the medications needed by Plaintiff were available for purchase by Plaintiff in the prison commissary, as shown by the

copies of commissary shopping lists submitted by Plaintiff with his Complaint.  (Exhs. 1, 2, and 5 to Complaint.)  Given that evidence, Plaintiff cannot establish that Defendant breached a duty of care to Plaintiff by failing to provide medical care or medications to him.  The burden now shifts to Plaintiff to designate specific facts demonstrating the existence of genuine issues for trial on his negligence claim.

### E.    Plaintiff's Position

Plaintiff's evidence consists of Plaintiff's Affidavit and its exhibits.

Plaintiff testifies that on April 19, 2010, he had hemorrhoid surgery at Mercy Medical Center.  (Plaintiff's Affidavit, ECF No. 33 ¶4.)  On April 19, 2010, prior to discharge, Dr. Malabed told Plaintiff that she was ordering stool softener, Pepsid, and Tylenol, which Plaintiff would have at USP Atwater.  (Id. ¶5.)  Plaintiff's Exhibit B is a copy of Meditech Report #0505-0185 by Dr. Malabed dated 5/16/10 which states that on 4/20/10 Plaintiff "tolerated this procedure well and he was subsequently discharged back to the USP in stable condition to take stool softeners and continue PPI Prophylaxis."  (Id. Exh. B.)

When he returned to USP Atwater on April 20, 2010, Plaintiff saw his primary health care provider, Mr. Refendor, who is not a doctor, who reviewed Plaintiff's medical records. (Id. ¶6.)  Plaintiff told Mr. Refendor that he had just had surgery and that Dr. Malabed ordered stool softeners, Tylenol, and Pepsid.  (Id. ¶7.)  Plaintiff's Exhibit F is an undated, unsigned copy of the Complaint which Plaintiff signed under penalty of perjury and filed On May 21, 2011 in Plaintiff's case 1:11-cv-00470-GSA-PC (ECF No. 1.), in which Plaintiff alleges that "the nurse at Mercy Medical Center . . . said, 'it was good to take the fiber laxative, aspirin and rantidine before you had the surgery.  But now the doctor's ordering you Pepsid, stool softeners and Tylenol to take.  Do not take the over-the-counter medications until you are healed.'"  (Id. Exh. F page 5.)

Prior to surgery, Plaintiff was taking aspirin (NSAIDs) for a back injury from 2008. (Id. ¶8.)  Dr. Malabed recommended after surgery, in Meditech Report #0419-0212 dated 5/3/10, that Plaintiff "stop the aspirin for now."  (Id. Exh. C page 2.)  Dr. Malabed told

///

Plaintiff that aspirin will thin your blood and make you bleed, so Plaintiff should stop the aspirin until he was healed.  (Id. ¶8.)

Mr. Refendor wanted Plaintiff to take aspirin (NSAID) for the pain.  (Id.)  Plaintiff told Mr. Refendor that Dr. Malabed stopped Plaintiff from taking aspirin because he had just been discharged from surgery.  (Id.)  Mr. Refendor said, "I'm not going to order the stool softeners, Pepsid or Tylenol because they will not approve it."  (Id.)  Plaintiff's Exhibit F contains Plaintiff's Complaint in which he alleges Mr. Refendor also said, "You already have fiber laxative, aspirin and ranitidine in your cell and they will not approve it if you have money on your account." (Id. Exh. F page 3.)  Plaintiff understood that they would not approve it because prison officials were trying to save money.  (Id. ¶8.)

Plaintiff did not have the prescription Tylenol, stool softener, or Metamucil in his cell because USP Atwater Health Care Services failed to give them to him.  (Id. ¶9.)  Plaintiff's Exhibit E is a copy of his Summary/Medication Sheet for USP Atwater, showing evidence of medications ordered for Plaintiff between 8/18/05 and 6/30/08.  (Id. Exh. E.)  Plaintiff testifies that the USP Atwater Commissary did not sell Docusate Sodium (stool softeners) at that time, and there was no Docusate Sodium on the USP commissary lists or the Medication List.  (Id. ¶10.)  Plaintiff submits as evidence a USP Atwater Commissary Over-the-Counter Medication List dated 4-21-10, and a USP Atwater Commissary shopping list dated 9/25/09, neither which includes Docusate Sodium as a choice for purchase.  (Id. Exhs. H, L.)  Mr. Refendor refused to give Plaintiff the medication and then he lied and said that Plaintiff had the prescription in his cell.  (Id. ¶10.)  Plaintiff's Exhibit D is a copy of a BOP Health Services Clinical Encounter – Administrative Note by Rufo Renendor dated 4/20/10 which states "Patient [Emery Franklin] came home from the hospital after being admitted for 5 days at Mercy Hospital.  He underwent Colonoscopy and hemorrhoidectomy.  Has prescription for pain, ranitidine and metamucil which the patient has in his cell."  (Id. Exh. D.)  Plaintiff testifies that the last time he had a prescription for those medications was over a year ago with maybe five refills, or a five month supply.  (Id. Exh. E (Summary/Medication List reflecting prescriptions from 8/18/05 to 6/30/08.))

Plaintiff testifies that he was in severe pain from the surgery without his discharge medication, could not sleep that night, and cried all night long.  (Id. ¶13.)  When Plaintiff did defecate he had a searing pain, heard a loud plump in the toilet, became dizzy, and saw that the water in the toilet was dark red with blood.  (Id.)  Plaintiff was readmitted to the hospital on April 2, 2010, and the doctors thought he was going to bleed severely.  (Id.)  Plaintiff's Exhibit M is a copy of a Mercy Medical Center Merced Addendum by Dr. Djevalikian dated 4/22/10 which states that Dr. Robinson "feels that the patient could bleed severely from his existing condition" and that "The patient will be admitted."  (Id. Exh. M.)  Plaintiff lost four pints of blood and needed two blood transfusions.  (Id. ¶14.)

Plaintiff's Exhibit A is a Mercy Medical Center Merced report dated 4/22/10 stating that Plaintiff "was supposed to be discharged on stool softeners and Pepcid, none of which he received in his first 24 hours at penitentiary after discharge," and Exhibit N is a Mercy Medical Center Meditech Report #0422-0225 dated 4/22/10 stating that Plaintiff "was unable to obtain his discharge medication apparently after discharge." (Id. ¶¶16, 17, Exhs. A, N.)

Plaintiff testifies that the Health Service Administrator, Ms. Lourdes Metty, prepared a Tort Claim Investigation Summary concerning Plaintiff's Claim, which states that there was a prescription April 20, 2010.  (Id. ¶18.)  Plaintiff's Exhibit G is a copy of the Summary which states, "On April 20, 2010, Plaintiff was discharged from the local community hospital . . . with prescriptions of Rantadine, aspirin and Psyllim."  (Id. Exhibit G.)  Plaintiff also claims that Mr. Refendor also states there was a prescription.  (Id.)  Plaintiff's Exhibit D is a BOP Health Services Clinical Encounter – Administrative Note by Rufo Refendor dated 4/20/10 which States that Plaintiff "has a prescription for pain, ranitidine and metamucil which the patient has in his cell."  (Id. Exhibit D.)

**F.    Discussion**

As discussed below, the Court finds based on the evidence presented that there is no genuine issue of fact for trial because the evidence presented, construed in the light most favorable to Plaintiff, does not establish that Defendant was negligent in providing medical care to Plaintiff.

Plaintiff now proceeds in this case only on a negligence claim against Defendant United States.[4]  As discussed above, the elements of a negligence cause of action are the existence of a legal duty of care, breach of that duty, and the breach as the proximate cause of the resulting injury, Ladd, 12 Cal.4th at 917-18, and the elements of a medical malpractice claim are (1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and resulting injury; and (4) actual loss or damage resulting from the professional's negligence, Avivi, 159 Cal.App.4th at 468, n.2 (2008).

Here, the Court finds that Plaintiff has established there was a duty owed to him. Generally, prisons owe a duty to prisoners to take action in response to a "prisoner" in need of immediate medical care.  Gov.Code, § 845.6; Lawson v. Superior Court of San Diego County, 180 Cal.App.4th 1372, 1383-84 (2010).

Plaintiff's complaint states that Defendant breached the duty of care by failing to provide a prescription.  (Second Amended Complaint, ECF No. 17 at 3-4.)  The Court finds that Plaintiff has failed to put forth admissible evidence establishing that there was a prescription that was not filled.  Plaintiff's initial Complaint makes clear that the so-called prescription was a Medical Note which says it is not a prescription.  Plaintiff has not put forward any other prescriptions that were not filled.

Although not entirely clear, Plaintiff's opposition to summary judgment suggests that Defendant may also have breached its duty of care by failing to make a stool softener available, even if not in prescription form.  For example, Plaintiff states that it was not in his cell and not in the prison commissary.  There appears to be a dispute about whether it was in his cell.  See Plaintiff's Affidavit ¶¶9-12; RJN Ex. 1, Compl. at p. 5, Ex. 4; RJN Ex. 2, Franco Decl. ¶9. However, Defendant has put forth undisputed evidence that stool softeners were available in the commissary, such as Fiber Laxative, Milk of Magnesia, Docusate Sodium (Stool Softener), and Fiber Powder (laxative).   And while Plaintiff testifies that the USP Atwater Commissary

---

[4] All of Plaintiff's other claims and defendants were dismissed from this action for failure to state a claim. (ECF No. 29.).

13

did not sell Docusate Sodium (stool softeners) at that time, Plaintiff's evidence shows that on April 21, 2010 the commissary sold Milk of Magnesia. (ECF No. 33 at 44.)

Plaintiff also makes general allegations that Defendant should have done more, such as following up with the doctor or hospital to determine whether Plaintiff's account of his conversation with the nurse was true, checking his cell to find out what, if any, medications Plaintiff had there, and assisting Plaintiff to purchase the medications he needed at the commissary. However, the Court finds that there is insufficient evidence to set forth a disputed question of fact on these points. There is no declarant saying that prison officials were told to follow up on what the nurse told Plaintiff, check his cell, or assist him at the commissary. The Court also finds it would be reasonable to rely on the written note from the hospital. Plaintiff does not dispute that the hospital sent Plaintiff's "Patient's Home + Current Medications for Discharge" ("Medication List") to USP Atwater by facsimile on April 20, 2010, which was not a prescription but indicated Home Medications for Plaintiff of ranitidine, aspirin, and psyllim, which Rufo Refendor relied on to determine which medications the doctor meant for Plaintiff to take after discharge. (ECF No. 34 ¶¶1, 2; ECF No. 33 at 42-43). There is no evidence that Rufo Refendor was provided with any other official directive from the doctor or hospital with instructions for Plaintiff's after-surgery care.

Drawing all inferences in the light most favorable to Plaintiff, the Court finds no evidence that Rufo Refendor negligently failed to provide Plaintiff with appropriate medical care. Thus, Plaintiff's claim based on negligence in failing to fill the prescription is subject to summary judgment.

Therefore, the Court finds that Defendant is entitled to summary judgment because the evidence presented, even when construed in favor of Plaintiff, fails to raise a disputed question of fact about Defendant's breach of a duty of care.

## VI.    CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the Court finds that under the undisputed facts, Defendant United States is entitled to summary judgment as a matter of law on Plaintiff's negligence claim, and therefore, Defendant's motion for summary judgment shall be granted.

Accordingly, **IT IS HEREBY ORDERED** that:

1.     Defendant's motion for summary judgment on Plaintiff's negligence claim, filed on May 26, 2015, is GRANTED; and

2.     The Clerk of Court is directed to close this case and enter judgment in favor of Defendant United States.

IT IS SO ORDERED.

Dated:   **February 8, 2016**           /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE

15