UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMERY L. FRANKLIN III,<br><br>       Plaintiff,<br><br>    vs.<br><br>UNITED STATES,<br><br>       Defendant. | 1:11-cv-00173-EPG-PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br>(ECF No. 44.) |

      This order responds to Plaintiff Emery L. Franklin III's February 23, 2016 letter to the Court. In short, both of Plaintiff's claims have been dismissed and his case has been closed. The Court will not reopen it.

**I.      RELEVANT PROCEDURAL HISTORY**

      Emery L. Franklin III ("Plaintiff") is a federal prisoner proceeding *pro se* with this civil action filed pursuant to <u>Bivens vs. Six Unknown Agents</u>, 403 U.S. 388 (1971) and the Federal Tort Claims Act (FTCA). Plaintiff filed the Complaint commencing this action on January 31, 2011, against sole defendant United States ("Defendant"). (ECF No. 1.) On February 8, 2016, the Court issued an order granting Defendant's motion for summary judgment and closed this case. (ECF No. 42.)

      On February 23, 2016, Plaintiff submitted a Letter to the Judge which the Court construes as a motion for reconsideration of the Court's February 8, 2016 order. (ECF No. 44.) On March 2, 2016, Defendant United States filed a response in opposition. (ECF No. 45.)

## II. MOTION FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Here, Plaintiff requests clarification of the Court's February 8, 2016 order that closed this case. Plaintiff expresses confusion, asserting that this case consisted of "two cases" which

///

were combined.  (ECF No. 44.)  Plaintiff asks whether the February 8, 2016 order closed "both of my cases" and if so, Plaintiff requests reconsideration of the Court's order.  (Id.)

Defendant argues that Plaintiff fails to state any basis for reconsideration, because Plaintiff's Bivens claim did not pass screening, and his FTCA claim for medical negligence, which was allowed to proceed, was denied on summary judgment.

Plaintiff's case contained two claims, a Bivens claim and a FTCA claim.  Defendant has correctly stated how both of Plaintiff's claims were resolved in this case.  The Court's February 8, 2016 order closed this case in its entirety, and none of Plaintiff's claims remain pending.  With respect to reconsideration of the order, Plaintiff has not set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision.  Therefore, the motion for reconsideration shall be denied.

**III.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on February 23, 2016, is DENIED.

IT IS SO ORDERED.

Dated:   **May 2, 2016**                             /s/ Erica P. Grosjean
                                                                    UNITED STATES MAGISTRATE JUDGE